Giiben, J.
delivered, the opinion of the court.
It appears from the bill of exceptions, that the firm of Low-ry,“Wasson & Co. was indebted to Rhea, Ross & Co. in the sum of one hundred and ninety-six dollars and two cents, which was secured by a note due 23d of January, 1840. The firm of Low-ry, Wasson & Co. was composed of B. H. Lowry, M. Wasson and William Lowry. Rhea, Ross & Co. sued B. H. Lowry and M. Wasson, two of the members of the firm of Lowry, Was-son & Co. before a justice of the peace, who rendered judgment for one hundred and ninety-nine dollars and eighty-seven cents, on the 28th March, 1840; and the defendant in error became surety for the stay of execution, and has since been compelled to satisfy said judgment. He now brings this suit against William Lowry, the other member of the firm of Lowry, Wasson & Co. to recover the amount so paid by him.
The court charged the • jury, that if William Lowry was a member of the film of Lowry, Wasson & Co. and judgment was rendered on said trote against the other two members of the firm, and the plaintiff stayed the execution and afterwards paid the judgment, William Lowry was liable to refund to him, and the law raised a promise upon which this action could be maintained. The jury found for the plaintiff, and the defendant appealed to this court.
There is no error in this charge of the court. The judgment of Rhea, Ross & Co. against B. H. Lowry and M. Wasson was not a merger of their claim against Lowry, Wasson & Co. to prevent them afterwards from suing the other partner, William Lowry, had they failed to make their debt by their suit against the other two partners. The act of assembly, by which a party is permitted to sue any one or more of the joint obligors or partners, does not make such suit a bar to a suit which may be subsequently brought against the remaining partner or joint obligor. As there was no merger of the simple contract created by the noto, so as to make the suit against B. H. Lowry and Wasson a bar to any other suit against William Lowry, it follows, that a payment by Hardwick, of the debt due to Rhea, Ross & Co. at the instance and as surety for B. H. Lowry and Wasson, *190 two members of the firm, was a payment for the whole firm. Unquestionably, if without suit Hardwick had paid this debt for the firm, at the request of two members of it, the entire firm would have been his debtor for so much money laid out and expended for them, and he would have had his action against all or any one membér of the firm,.upon the implied promise to pay. The fact that he paid it, as surety for the stay of execution for two members of the firm, can make no difference as to the rights and liabilities of the parties, unless the judgment against the two was a merger of the liability of all by the simple contract, and this we have seen was not the easel
The case of Crane vs. French, (1 Wend. R. 311,) is very different from this. These French; one of the partners, executed a warrant of attorney under seal, authorizing an attorney to appear for him and confess judgment. A judgment was taken against both parties. The court held, that the statute of New York that provides, that if the process be issued against joint debtors, and any one be taken and brought into court, judgment may be entered against all, does not apply to cases where one joint obligor voluntarily confesses a judgment. In such case, the judgment is only valid and binding upon the party making the confession, and his property alone can be sold. The court held further, that the bond and warrant of attorney executed by French, to confess judgment, was an extinguishment of the partnership debt, and consequently there was no liability on part of the other party to pay it.
We have seen, that in this case, there was no extinguishment of the debt; that William Lowry still remained liable to Rhea, Ross &Co. until their debt should be satisfied; and consequently, the payment by Hardwick, at the instance of B. H. Lowry and Wasson, was a payment for the firm, and that the law raises an implied promise on the part of each member of the firm, to refund the money so paid.
Affirm the judgment.